IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD W. DONNELLY,              :        3:10-cv-665
    Plaintiff,                :
                                 :        Hon. John E. Jones III
    v.                        :
                                 :
TRL, INC., *et al.,*             :
    Defendants.               :

# MEMORANDUM

## June 25, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before the Court are the following motions: Motion of Transcontinental Refrigerated Lines, Inc. to Dismiss for Violation of Automatic Stay (Doc. 6) filed on April 27, 2010; Motion to Dismiss by Commonwealth of Pennsylvania (Doc. 12) filed on April 30, 2010; and Motion to Dismiss Pursuant to F.R.C.P. 12(B)(1), or in the Alternative, Pursuant to F.R.C.P. 12(B)(6) of Defendant Compservices (Doc. 21) filed on May 19, 2010. For the reasons that follow, all of the pending motions to dismiss shall be granted and this case shall be closed.[1]

---

[1] Accordingly, we shall dismiss as moot Plaintiff's Motion for Change of Venue (Doc. 3) and Motion for Mediation. (Doc. 10).

I. **PROCEDURAL HISTORY**

Plaintiff Edward W. Donnelly ("Plaintiff" or "Donnelly") initiated this matter, *pro se*, on March 26, 2010 by filing a Complaint with Motion for Leave to Proceed *in forma pauperis*. (Docs. 1 and 2). The matter was assigned to the Honorable Thomas I. Vanaskie. By Order dated April 8, 2010, Judge Vanaskie granted the Plaintiff *in forma pauperis* status, and the United States Marshal was directed to serve the Complaint upon the Defendants TRL, Inc., Compservices, and the Commonwealth of Pennsylvania. (Doc. 5). Thereafter, the Defendants each filed a motion to dismiss. The motions have all been fully briefed and are therefore ripe for our review.

II. **STANDARD OF REVIEW**

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the

complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 120 S.Ct. At 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's

liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1950. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S.Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## III. FACTUAL BACKGROUND

This case apparently arises out of the alleged breach of a July 2007 settlement of a worker's compensation matter involving the parties. Plaintiff asserts that his claims arise from improper decisions of the Pennsylvania department of Labor and Industry and Workers' Compensation Office of Adjudication, improper reproduction of various records, and ex parte communications between counsel for the employer (TRL) and administrator (Compservices) with the workers' compensation judge.

In his prayer for relief, Plaintiff requests the following:

> I am seeking to have the letter of resignation rescinded, liquidated damages from the settlement agreement, back wages I lost, damages for violating my Civil Rights (*ex parte* communications), damages from the illegal reproduction of the Transcript from my Worker's Compensation Hearing on July 12, 2007, liquidated damages, punitive damages, and the travel expenses to the three hearings I attended. I request mediation to put an end to this matter.

(Doc. 1, p. 6).

## IV. DISCUSSION

As noted above, the three Defendants in this matter, TRL, Inc., Compservices and the Commonwealth of Pennsylvania, have each filed motions to dismiss. We shall discuss the merits of each motion *in seriatim*.

## A. TRL, INC.'S MOTION TO DISMISS

As noted by Plaintiff in his pleading, TRL, Inc. is in bankruptcy. An involuntary bankruptcy petition was filed on February 29, 2008 against TRL, Inc. On March 31, 2008, an Order for Relief was entered and the case was converted to one under Chapter 11 of the United States Bankruptcy Code. A reorganization plan was confirmed by the United States Bankruptcy Court for the Middle District of Pennsylvania on or about November 16, 2009.[2]

TRL, Inc. argues that this case should be dismissed as against it, inasmuch as all of the actions complained of by Plaintiff occurred prior to the filing of the bankruptcy petition and thus are void *ab initio* in light of the automatic stay.

The United States Court of Appeals has indicated that actions taken in violation of the Automatic Stay are void *ab initio*. *See Constitution v. Tubbs*, 68 F.3d 685, 692, fn. 6 (3d Cir. 1995). The Complaint clearly complains of pre-bankruptcy harm, and a review of the bankruptcy docket indicates that no request to lift the automatic stay was made by Plaintiff so that litigation naming TRL, Inc. as a defendant could proceed.

Based on the foregoing, the Plaintiff's Complaint shall be dismissed as against TRL, Inc.

---

[2] The Bankruptcy Court docket number is 5:08-50578.

### B. COMMONWEALTH OF PENNSYLVANIA'S MOTION TO DISMISS

The Commonwealth of Pennsylvania moves the Court to dismiss the Plaintiff's Complaint on the basis of Eleventh Amendment immunity.

The Eleventh Amendment provides that: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The United States Supreme Court has consistently interpreted the Eleventh Amendment to preclude suits against a state or its agencies in federal court by citizens of that state or other states. *See Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238 (1985); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98 (1984). Moreover, the Eleventh Amendment's jurisdictional bar is not dependent upon the nature of the relief requested, and is thus applicable to suits seeking money damages and equitable relief. *Edelman v. Jordan*, 415 U.S. 651 (1974). While a state can consent to suit against it in federal court, the Commonwealth has not done so in this case. *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).

Additionally, Plaintiff's Complaint must be dismissed against the Commonwealth.

### C. COMPSERVICES' MOTION TO DISMISS

Plaintiff's claim also fail against Defendant Compservices because Compservices is a private entity, not a state actor, and thus cannot be held liable for any alleged civil rights violations. Moreover, to the extent that Plaintiff is trying to disturb the rulings of the workers' compensation court, this Court does not have jurisdiction to do so pursuant to the *Rooker-Feldman*[3] doctrine. *See Madera v. Ameriquest Mortgage Co.*, 586 F. 3d 228, 232 (3d Cir. 2009) *citing FOCUS v. Allegheny County Court of Common Pleas,* 75 F. 3d 834, 840 (3d Cir. 1996) (*Rooker-Feldman* is implicated when "in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual."). Thus to the extent that the Plaintiff is trying to void the rulings of the workers' compensation judge, we have no jurisdiction to grant the relief Plaintiff desires. Accordingly, Compservices' motion shall be granted and the Plaintiff's Complaint shall be dismissed as against it.

## V. CONCLUSION

---

[3] The doctrine is named after two decisions: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

Based on the foregoing, each of the Defendants' Motions shall be granted and this action shall be dismissed.  An appropriate Order shall issue.